**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4676

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SERGIO LEON-RAMIREZ, a/k/a Humberto Marin-
Cruz,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:05-cr-00183-JAB-3)

Submitted:  August 22, 2007        Decided:  September 5, 2007

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, Durham, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina; Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Leon-Ramirez pled guilty pursuant to a written plea agreement to obstruction of commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951 (2000) ("Count One"); brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2000) ("Count Two"); and illegal reentry by an aggravated felon after removal, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000) ("Count Six"). The district court sentenced Leon-Ramirez to concurrent eighty-month sentences for Counts One and Six and a consecutive term of eighty-four months' imprisonment on Count Two. Leon-Ramirez appealed, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal but asserting the sentence was unreasonable. Leon-Ramirez filed a pro se supplemental brief contending his guilty plea was unknowing because the district court did not recite the elements of his offenses. The Government declined to file a responding brief. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and consider the range in

- 2 -

conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, ___ U.S. ___, 127 S. Ct. 2456 (2007) (upholding presumption).

The concurrent sentences for Counts One and Six were well within the statutory maximum of twenty years' imprisonment and were also within the properly calculated sentencing guidelines range of seventy to eighty-seven months' imprisonment. We conclude the district court's imposition of sentence on these counts was reasonable. With respect to Count Two, the district court sentenced Leon-Ramirez to the statutory mandatory minimum. See 18 U.S.C. § 924(c)(1)(A)(ii) (2000) (providing consecutive term of not less than seven years' imprisonment). Booker "did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence" except upon the Government's motion on the basis of substantial assistance. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), cert. denied, 126 S. Ct. 288 (2005). We likewise conclude the sentence for this count was proper.

In his pro se supplemental brief, Leon-Ramirez contends the district court erroneously failed to recite the elements of the charged offenses during the Fed. R. Crim. P. 11 hearing. Because Leon-Ramirez did not move in the district court to withdraw his guilty plea, we review for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Leon-Ramirez must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Leon-Ramirez satisfies these requirements, correction of the error remains within the court's discretion, which we will not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.

Prior to accepting Leon-Ramirez's guilty plea, the district court was required to determine Leon-Ramirez understood the nature of each charge to which Leon-Ramirez was pleading. See Fed. R. Crim. P. 11(b)(1)(G). However, Leon-Ramirez need not receive this information at the plea hearing itself. See United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991). The district court was entitled to consider whether a written plea agreement existed and to determine the plea was knowing and intelligent based on information Leon-Ramirez received prior to the plea hearing. Id. Leon-Ramirez's signed plea agreement indicated he was informed of the elements of each offense by his trial counsel prior to

accepting the plea agreement. At the Rule 11 hearing, Leon-Ramirez confirmed this was the case and indicated he understood the elements based on the explanation provided by counsel. Accordingly, we conclude Leon-Ramirez fails to establish plain error.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Leon-Ramirez's convictions and sentence. This court requires that counsel inform Leon-Ramirez, in writing, of the right to petition the Supreme Court of the United States for further review. If Leon-Ramirez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Leon-Ramirez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>